ELIZABETH LE PAGE, an Infant, by Her Guardian ad Litem, LORETTA LE PAGE, et al., Respondents, v. CONTINENTAL CASUALTY COMPANY et al., Appellants.— Appeal from an order of the Supreme Court denying defendants' motion for a preclusion order, or in the alternative, directing plaintiffs to furnish a further bill of particulars. Plaintiffs Le Page obtained a judgment against plaintiff Towne for personal injuries sustained in an automobile accident. The present action was brought seeking to recover upon a certain automobile liability insurance policy allegedly issued by the defendants to the plaintiff Towne. Defendants demanded a verified bill of particulars containing 12 items. The demand was much too broad, and demanded, among other things, photostatic copies of documents on file in a public office, copies of which could readily be obtained by the defendants. However, plaintiffs made no motion pursuant to subdivision (a) of rule 115 of the Rules of Civil Practice, but simply ignored the notice and furnished no particulars. Defendants thereafter moved for an order of preclusion, and an alternative order was made precluding the plaintiffs unless they furnished a bill of particulars within 10 days. On February 1, 1961, the plaintiffs served a bill of particulars, but defendants returned it to the plaintiffs' attorneys as inadequate. Defendants did not move, pursuant to subdivision (d) of rule 115, for the service of a further bill until August 3, 1961, more than six months after the bill of particulars was served. There is no authority for the return of a bill of particulars since the rule has provided a specific remedy where a bill of particulars is deemed inadequate. (*Holmes* v. *Liquori*, 12 A D 2d 735). The court at Special Term denied the motion for a

preclusion order on the ground that the motion was not made within 10 days as required by subdivision (d) of rule 115, and that there were no special circumstances excusing the delay. However, then the court considered the merits of the motion and determined that there had been a satisfactory compliance with the demand as to certain items and that the remaining items were evidentiary material only and compliance was unnecessary. We find no basis in the record for a determination that there was any abuse of discretion by the Special Term. Order unanimously affirmed, with $10 costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.